Filed 2/29/24  P. v. Rodriguez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>NAHU RODRIGUEZ,<br><br>    Defendant and Appellant. | F085994<br><br>(Super. Ct. No. 52042)<br><br><br>**OPINION** |

-oOoo-

## THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Robert B. Westbrook, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Joseph Penney, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Poochigian, J. and Peña, J.

# INTRODUCTION

In 1996, defendant and appellant Nahu Rodriguez (appellant) pleaded guilty to premeditated attempted murder and admitted enhancements for personal use of a firearm and personal infliction of great bodily injury. He was sentenced to life in prison with the possibility of parole, plus four years. After correcting the calculation of his credits, this court affirmed the judgment on direct appeal. (*People v. Rodriguez/In re Rodriguez* (Aug. 27, 1997, F025919/F027653) [nonpub. opn.] (*Rodriguez*).)

In 2021 and 2022, appellant filed three petitions for resentencing of his conviction for premeditated attempted murder pursuant to former section 1170.95 and amended section 1172.6 of the Penal Code.[1] The trial court denied the first and second petitions because former section 1170.95 did not provide for resentencing of an attempted murder conviction. After the statutory amendments added attempted murder to the resentencing provisions, the court held a hearing on the third petition, and found appellant's petition failed to state a prima facie case for relief.

On appeal, appellate counsel filed a brief which summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Appellant submitted a letter brief in response. We review his arguments and affirm the trial court's denial of his petition.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his first and second petitions pursuant to section 1170.95. As discussed below, the statute was substantively amended, effective on January 1, 2022; and renumbered as section 1172.6 without further change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.) As such, we refer to the subject statute by its current number throughout this opinion, except where otherwise indicated.

On February 7, 1996, an information was filed in the Superior Court of Stanislaus County charging appellant with committing the following offenses on July 23, 1993: count 1, premeditated attempted murder (§§ 664/187), with enhancements that in the commission of the offense, appellant personally used "a deadly and dangerous weapon," a firearm (§ 12022, subd. (b)), and he "personally and intentionally" inflicted great bodily injury on the victim (§ 12022.7, subd. (a)); count 2, aggravated mayhem, by intentionally causing permanent disfigurement of the victim's eyes (§ 205), with the deadly weapon enhancement; and count 3, assault with a firearm on the victim (§ 245, subd. (a)(2)), with deadly weapon and great bodily injury enhancements.

**Plea and Sentencing**

On March 28, 1996, the trial court convened a hearing because the parties had reached a negotiated disposition. According to the minute order, appellant was present with his attorney. An interpreter, identified as "B. Pineda," was also present.

The prosecutor stated that appellant would plead guilty to premeditated attempted murder and admit the firearm and great bodily injury enhancements for life plus four years, the remaining charges and enhancements would be dismissed, probation

---

[2] During the pendency of this appeal, this court granted appellant's request to take judicial notice of our nonpublished opinion in *Rodriguez*, supra, F025919/F027653, that affirmed appellant's conviction on direct appeal. After notice to the parties and without objection, this court takes judicial notice of the entirety of the record in *Rodriguez*, *supra*, F025919/F027653. (Evid. Code, §§ 450, 452, subd. (d), 459; *In re W.R.* (2018) 22 Cal.App.5th 284, 286–287, fn. 2.)

In reviewing a section 1172.6 petition, the trial court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2002) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.) The role of the appellate opinion is limited, however, and the trial court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*Clements*, at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972 (*Lewis*).)

would be terminated in an unrelated case, and a misdemeanor charge in another case would be dismissed. Defense counsel concurred with the proposed disposition.

The trial court advised appellant of the proposed disposition and sentence: "Upon entry of those pleas, the [c]ourt is going to sentence you to the Department of Corrections [and Rehabilitation] for a period of life, with [the] possibility of parole, plus an additional one year for the armed or use enhancement, plus an additional three years for the [section] 12022.7 or great bodily injury infliction that you are going to admit." The court advised appellant that "[t]he eligibility date for parole … would be 11 years." The court asked appellant if he understood and if that was what he wanted to do, and appellant said, "Yes."

The court advised appellant of his constitutional rights, and appellant said he understood and waived his rights.

Thereafter, appellant pleaded guilty to premeditated attempted murder, and admitted the enhancements that during the commission of the offense, he personally used a dangerous and deadly weapon, a firearm (§ 12022, subd. (b)); and he "personally and intentionally inflict[ed] great bodily injury" on the victim (§ 12022.7).

The trial court stated that "from a review of the file, the [c]ourt finds that there is a factual basis for the entry of this plea."[3]

On the same day, appellant waived time and the trial court sentenced him consistent with the negotiated disposition, to life with the possibility of parole for premeditated attempted murder, plus one year for the deadly weapon enhancement and a consecutive term of three years for the great bodily injury enhancement. The court dismissed a pending case and terminated probation in another pending case.

---

[3]    As discussed below, appellant waived both a preliminary hearing and time to prepare a probation report, and the instant appellate record does not contain any facts about the nature and circumstances of the charged offenses and conviction, aside from the allegations in the information.

**Direct Appeal**

In his direct appeal, appellate counsel filed a brief pursuant to *Wende*. Appellant separately filed, in propria persona, a petition for writ of habeas corpus and alleged counsel was ineffective and misadvised him about the minimum and maximum sentences if he rejected the plea bargain. This court requested briefing from the parties about the calculation of appellant's presentence credits.

On August 27, 1997, this court filed the nonpublished opinion in the appeal and writ; that opinion did not contain a factual statement. In the appeal, we ordered correction of appellant's conduct credits. In the writ, we found appellant failed to adequately allege prejudice, and denied the petition without prejudice for appellant to pursue relief in the superior court upon a proper showing. (*People v. Rodriguez/In re Rodriguez*, *supra*, F025919/F027653.)

## APPELLANT'S PETITIONS FOR RESENTENCING

**First Petition**

On April 16, 2021, appellant filed a petition for resentencing of his attempted murder conviction pursuant to former section 1170.95. The trial court summarily dismissed the petition.

**Second Petition**

On or about November 8 or 9, 2021, appellant filed another petition for resentencing of his attempted murder conviction pursuant to former section 1170.95. The trial court appointed counsel and set a briefing schedule. On December 22, 2021, the prosecution filed opposition to the petition.

**Statutory Amendment**

As discussed below, the resentencing statute was amended, effective January 1, 2022, to clarify that a person convicted of "attempted murder under the natural and probable consequences doctrine" may file a petition for resentencing under certain

enumerated circumstances. (§ 1172.6, subd. (a); *People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

**Third Petition**

On January 5, 2022, while his second petition was pending, appellant filed another petition for resentencing of his attempted murder conviction. His supporting declaration consisted of a preprinted form where he checked boxes that stated (1) a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

Appellant also filed a separately typed declaration, and asserted that at his plea hearing, his defense counsel allegedly misadvised him of the prison sentence he was going to receive for murder, and that he would only get 11 years. Appellant requested the trial court grant his petition for resentencing, strike the life term, and resentence him to 11 years.

**The Prosecution's Response**

On February 14, 2022, the prosecution filed a response to appellant's November 2021 petition, and explained the procedural history of appellant's prior petitions. The prosecution asserted the petitions were duplicative and requested the court rule upon the pending petition filed in January 2022.

**The Trial Court's Orders on the Multiple Petitions**

On March 16 and April 26, 2022, the trial court held hearings on appellant's two pending petitions for resentencing.

The trial court denied appellant's November 2021 petition because resentencing for attempted murder was not permitted under the statutory provisions that were applicable in 2021. The court further found the November 2021 petition was superseded by the January 2022 petition.

As to the January 2022 petition, the court appointed counsel and set a briefing schedule on the prima facie issue.

The prosecution advised the court that it would not file another opposition since it had already done so for the prior petitions.

**Appellant's Reply**

On May 9, 2022, defense counsel filed a reply to the prosecution's prior opposition. The reply generally reviewed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775), the amendments to sections 188 and 189, the provisions and procedural requirements of section 1172.6, and asserted that the trial court could rely on the record of conviction to make the prima facie determination.

The reply further stated the trial court should independently review the record of conviction to determine whether a prima facie showing had been made, and if so, conduct an evidentiary hearing and resentence appellant.

**The Trial Court's Denial of the Petition**

On June 10, 2022, the trial court conducted a hearing on the prima facie issue.

The prosecutor explained appellant's two prior petitions were denied because the then-applicable statute excluded attempted murder from resentencing. The prosecutor further advised the court:

"[W]e submitted a proposed order on this because it's pretty clear cut based on the facts and the record of conviction established that [appellant] was not charged or convicted of attempted murder under a theory of felony murder or the natural and probable consequences doctrine. [¶] … [¶] … [H]e was convicted of attempted murder based solely on his participation in the crime and not based on any vicarious liability theory. [¶] Bluntly, the facts of the case are pretty simple, [appellant] got into an argument with his neighbor and shot him in the face. His neighbor survived and [appellant] has been serving his prison sentence since that time. I believe the crime took place on July [23], 1993."

The court asked defense counsel to respond. Defense counsel did not object to the prosecutor's factual summary of the offense, but argued: "[Appellant] did, in fact, file a facially sufficient petition and this Court did, in fact, follow the statutory procedure, appointed counsel, asked for briefing on the matter. Both parties have briefed the matter and we are willing to submit it on our brief."

The court and the parties had the following exchange:

"THE COURT: Okay. It doesn't sound like a prima facie case has been made based on—

"[THE PROSECUTOR]: Right.

"THE COURT: —the facts on the underlying conviction

"[THE PROSECUTOR]: Yes.

"THE COURT: Unless you have any contrary facts or argument to make I'm inclined then to grant the—or deny the petition and sign the order. [¶] Okay. That's what I will do.

"[THE PROSECUTOR]: Thank you, Your Honor.

"[DEFENSE COUNSEL]: Thank you, Your Honor."

On the same day, the trial court filed an order that found appellant's petition failed to state a prima facie case for resentencing. The court stated it had reviewed the petition, the prosecution's opposition, appellant's reply, and "the record of conviction," and made the following findings:

8.

"On July 23, 1993, [appellant] got into an argument with [the victim].  The two men had been drinking all day in the front yard.  [Appellant] went into his home and retrieved a shotgun.  [Appellant] pointed and fired the shotgun at [the victim's] face.  [The victim] survived the shotgun wounds but was blinded in both eyes.

"On August 6, 1993,[4] [appellant] was charged with violating [sections] 664/187, attempted murder, with enhancements that in attempting to murder [the victim], [appellant] acted intentionally, deliberately and with premeditation and [appellant] personally used a deadly and dangerous weapon in violation of … section 12022[, subdivision ](b).  The attempted murder charge also included a special allegation that at the time of the commission of the crimes, [appellant] used a deadly weapon upon a human being, within the meaning of [section] 1203[, subdivision ](e)(2).  On March 28, 1996, [appellant] pled guilty to attempted murder with premeditation.

"The reason for this denial is based on the above facts and the record of conviction which establish that [appellant] was not charged or convicted of attempted murder under a theory of felony murder or the natural and probable consequences doctrine.  [Appellant] was convicted of attempted murder based solely on his participation in the crime."[5]

Appellant filed an appeal from the trial court's denial of his petition.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*.  The brief included counsel's declaration that appellant was advised he could file his own brief with this court.  This court also advised appellant that he could file a supplemental letter brief.  Appellant filed a letter brief and raises the following arguments.

---

**4**  The trial court's reference to charges filed on August 6, 1993, is to the criminal complaint, which was followed by the information that was filed on February 7, 1996.

**5**  As previously noted, appellant waived a preliminary hearing, and he also waived time for sentencing so that a probation report was not prepared.  As a result, the record from his plea does not contain any facts about the underlying offense, including those cited by the prosecutor and the court at the hearing on his section 1172.6 petition.

9.

**I. Appellant's Arguments About His Plea and Sentence**

Appellant's letter brief requests this court take "judicial notice" of two documents attached to his brief—two pages from the reporter's transcript of his plea and sentencing hearing, and the abstract of judgment.

We deny appellant's request because we have already taken judicial notice of the record from his plea and sentencing, including the entirety of the reporter's transcript and the abstract of judgment.

Appellant asserts these documents show that he was not present at the plea hearing when the court, the prosecutor, and defense counsel discussed his plea, that appellant and his family were allegedly "informed that this plea will be for 11[ ]years," appellant's waiver of his right to a jury trial was invalid, there was no evidence of premeditation, and the life sentence was unauthorized because the prosecution failed to prove premeditation or aggravating circumstances. Appellant further asserts that at the plea hearing, the judge allegedly made a statement "off the record" that he believed appellant did not understand what was happening, his defense counsel also acted as his interpreter, which resulted in a conflict of interest, the judge sentenced him to 11 years and never said it was a life term, and he could not find any references to a "life" term in the record.

Appellant's contentions are based on his plea and sentencing hearing, and are not cognizable in this appeal. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error …. To the contrary, '[n]othing in the language of section [1172.6] suggests it was intended to provide redress for allegedly erroneous prior factfinding…. The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved.' " (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438.)

Moreover, the entirety of the record from appellant's plea and sentencing refutes his allegations. Appellant pleaded guilty to premeditated attempted murder and the prosecution was not required to prove the elements of the offense. The minute order reflects that appellant was present at the hearing with his attorney, and an interpreter was also present and identified by name. The reporter's transcript shows that the trial court clearly advised appellant about his constitutional rights, and appellant said he understood and waived his rights. The transcript also shows the court advised appellant that his guilty plea would result in a sentence of life with the possibility of parole, and he would be eligible for parole after serving 11 years—not that he was only being sentenced to 11 years. Appellant replied that he understood and agreed to the terms of the disposition.

## II.  Appellant's Arguments About the Denial of His Petition

As explained above, defense counsel filed a reply brief with the trial court prior to the hearing on whether his petition stated a prima facie case under section 1172.6. Counsel's reply generally reviewed the applicable law for a section 1172.6 petition, and asserted the court should independently review the record of conviction to determine whether a prima facie showing had been made, and if so, conduct an evidentiary hearing and resentence appellant.

In this appeal, appellant's letter brief attached that same reply brief as an exhibit. Appellant stated his appellate contentions were "based upon the issues and argument[s]" raised in the reply brief that was previously filed with the trial court. Appellant has thus preserved review of the court's ruling that denied his section 1172.6 petition without issuing an order to show cause.

## A.  Section 1172.6

"Effective January 1, 2019, [Senate Bill 1437] amended the felony-murder rule by adding section 189, subdivision (e). [Citation.] It provides that a participant in the qualifying felony is liable for felony murder only if the person:  (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor;

or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. [Citation.] The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v. Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708.)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," codified in former section 1170.95. (*People v. Strong*, *supra*, 13 Cal.5th at p. 708.) The original version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by [Senate Bill 1437]." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

As previously explained, effective January 1, 2022, Senate Bill 775 amended former section 1170.95, later renumbered as section 1172.6, and " 'clarified that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall*, *supra*, 77 Cal.App.5th at p. 865, fn. 18; *People v. Vizcarra*, *supra*, 84 Cal.App.5th 377, 388; *People v. Saibu*, *supra*, 81 Cal.App.5th at p. 715, fn. 3.)

## B. The Prima Facie Finding

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show

cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

A petitioner is ineligible for resentencing "as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations," that the petitioner was the actual shooter. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13–14.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

The record of conviction includes the charging documents, the transcripts for the change of plea and sentencing hearing, and the abstract of judgment. (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 329–330, overruled on other grounds by *Lewis*, *supra*, 11 Cal.5th at pp. 962–963; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 957, 974–975; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## C. Premeditated Attempted Murder

The elements of attempted murder are the specific intent to kill (express malice) and the commission of a direct but ineffectual act towards accomplishing the intended killing. (*People v. Lee* (2003) 31 Cal.4th 613, 623; *People v. Gonzalez* (2012) 54 Cal.4th 643, 653, 664; *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 642.) Implied malice cannot support a conviction of attempted murder. (*People v. Bland* (2002) 28 Cal.4th 313, 327.)

"[U]nlike murder, attempted murder is not divided into degrees.  The prosecution, though, can seek a special finding that the attempted murder was willful, deliberate, and premeditated, for purposes of a sentencing enhancement."  (*People v. Mejia* (2012) 211 Cal.App.4th 586, 605.)  " 'Willful' is synonymous with 'express malice':  in other words, a specific intent to kill.  [Citation.]  Premeditation occurs when the [attempted] killing is ' "considered beforehand," ' and deliberation occurs when the decision to kill is ' "formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action." ' "  (*Id*., at p. 604.)

Prior to Senate Bill 1437's enactment, a person who knowingly aided and abetted a crime (the target offense), the natural and probable consequences of which was attempted murder or murder (the nontarget offense), could be convicted of not only the target crime but also of the resulting nontarget offense of attempted murder or murder.  (*People v. Chiu* (2014) 59 Cal.4th 155, 161, 166; *People v. Gentile* (2020) 10 Cal.5th 830, 843, 845; *People v. Prettyman* (1996) 14 Cal.4th 248, 259, 262; *People v. Coley* (2022) 77 Cal.App.5th 539, 548.)

As explained above, Senate Bill 1437 amended section 188 to eliminate natural and probable consequences liability for first and second degree murder.  (*People v. Garrison* (2021) 73 Cal.App.5th 735, 742.)  Senate Bill 775, which became effective in 2022, "clarified Senate Bill 1437 by amending [former] section 1170.95 to make clear the natural and probable consequences doctrine no longer supplies accomplice liability to attempted murder."  (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193.)  "Because section 188, subdivision (a)(3), prohibits imputing malice based solely on participation in a crime, the natural and probable consequences doctrine cannot prove an accomplice committed attempted murder.  Accordingly, the natural and probable consequences doctrine theory … is now invalid."  (*Sanchez*, at p. 196; *People v. Coley*, *supra*, 77 Cal.App.5th at p. 548.)

## D. Analysis

The trial court denied appellant's third petition for resentencing by making extensive factual findings that he pleaded guilty to attempted premeditated murder as the actual perpetrator, because he "got into an argument with [the victim]. The two men had been drinking all day in the front yard. [Appellant] went into his home and retrieved a shotgun. [Appellant] pointed and fired the shotgun at [the victim's] face. [The victim] survived the shotgun wounds but was blinded in both eyes."

There is nothing in the instant record, however, to reflect the source of the trial court's statements or the nature and circumstances of the crime. At the plea hearing, the court found a factual basis for defendant's plea based on information in the file, but the parties did not otherwise stipulate to any facts, and appellant waived both a preliminary hearing and preparation of a probation report.

In any event, the trial court violated section 1172.6 by making factual findings for the prima facie determination. (*Lewis, supra*, 11 Cal.5th at p. 972.) However, the court's error is not prejudicial. Appellant pleaded guilty to attempted premeditated murder and admitted the enhancements that during the commission of the offense, he personally used a dangerous and deadly weapon, a firearm (§ 12022, subd. (b)); and he personally and intentionally inflicted great bodily injury on the victim (§ 12022.7).

Appellant's admission of the premeditation allegation does not foreclose the possibility that he was convicted of attempted murder on a natural and probable consequences theory. (See *People v. Favor* (2012) 54 Cal.4th 868, 879–880.) However, appellant's additional admission to the *personal* infliction of great bodily injury in the commission of the attempted premeditated murder forecloses such a possibility. Section 12022.7, subdivision (a) provides: "Any person who *personally* inflicts great bodily injury on any person other than an accomplice in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for three years." (Italics added.) By enacting

15.

section 12022.7, "the Legislature intended to impose an additional penalty for causing great bodily injury only on those principals who perform the act that *directly inflicts the injury*, and that one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7." (*People v. Cole* (1982) 31 Cal.3d 568, 571, italics added; *People v. Rodriguez* (1999) 69 Cal.App.4th 341, 348– 349 [same].) "Accordingly, 'one who merely aids, abets, or directs another to inflict the physical injury is not subject to the enhanced penalty of section 12022.7.' " (*People v. Slough* (2017) 11 Cal.App.5th 419, 423.)

To the extent the trial court erroneously made factual findings to deny appellant's section 1172.6 petition prior to an evidentiary hearing, the error is not prejudicial because the record of conviction establishes that appellant entered his plea as the actual perpetrator of premeditated attempted murder who personally and intentionally inflicted great bodily injury on the victim, and not as an aider an abettor to a nonmurder crime to whom malice may have been imputed.

## **DISPOSITION**

The court's order of June 10, 2022, denying appellant's petition for resentencing, is affirmed.